<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DIRECTV, Inc., | : | |
|     Plaintiff, | : | Civil Action No. 04-cv-311 |
| | : | |
| v. | : | |
| | : | ORDER AND FINAL JUDGMENT BY |
| | : | DEFAULT AGAINST |
| JIM MINNICK, et al, | : | ANGELA CELLI |
| | : | |
|     Defendants. | : | |

APPEARANCE:
David A. Cohen, Esq.
SAIBER, SCHLESINGER, SATZ & GOLDSTEIN
One Gateway Center, 13th Floor
Newark, NJ 07102-5311
Attorney for Plaintiff

<u>**WOLFSON, United States District Judge**</u>

    This matter having been opened to the Court by David A. Cohen, Esq., counsel for Plaintiff, DirecTV, Inc. ("DirecTV"), seeking entry of default judgment against Defendant Angela Celli pursuant to <u>Fed. R. Civ. P.</u> 55(b)(2); Defendant Angela Celli having failed to submit opposition papers, as well as having failed to answer, appear, or otherwise reply in any manner; the Court having reviewed Plaintiff's papers pursuant to <u>Fed. R. Civ. P.</u> 78, and it further appearing that:

    1.    DirecTV distributes satellite television broadcasts throughout the United States via an electronically scrambled signal. The signal is unscrambled for subscribers

       through the use of a DirecTV access card. Compl. ¶ 2.

2.      A number of companies have engaged in the internet sale of devices known as "Boot Loader Boards," which are designed to modify or circumvent DirecTV's signal-scrambling technology.  On or about January 28, 2002, DirecTV, with the assistance of the United States Marshals, executed Writs of Seizure upon EQ Stuff, Inc. ("EQ Stuff"), an internet seller of devices primarily designed for the unauthorized interception of DirecTV's Satellite Programming ("Pirate Access Devices"). Compl. ¶ 3.  DirecTV obtained various business records evidencing an ongoing illegitimate enterprise, including purchase orders and other records. Id. EQ Stuff's customers typically placed orders through various websites operated by EQ Stuff, including eqstuff.org, eqbl.org, and eqstuff.ca, and the customers typically received their orders by mail or commercial carrier.  Id.   According to the records obtained, Defendant Celli purchased from EQ Stuff one Pirate Access Device, consisting of a printed circuit board device called a "Boot Loader Board." Id. at ¶ 11(a).

3.      DirecTV filed a complaint against Defendant on January 27, 2004.  The Complaint alleges violations of the Federal Communications Act of 1934, as amended, and the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521.

4.      Defendant Celli was served with the Summons and Complaint on May 10, 2004. Proof of Service was filed with the Court on May 25, 2004.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant Celli was required to file an answer on or before

June 1, 2004.  On January 25, 2005, DirecTV requested that the Clerk enter default against Defendant Celli pursuant to Fed. R. Civ. P. 55(a).  The Clerk entered default against Defendant Celli on January 25, 2005.  A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

5. DirecTV is seeking solely injunctive relief against Defendant Celli for violation of 47 U.S.C. § 605.  Moreover, DirecTV is requesting damages in the amount of $10,000 pursuant to 18 U.S.C. § 2520 for violation of either § 2511 or § 2512, and not for both.

6. DirecTV is entitled to only one statutory damage award under § 2520 in the amount of $10,000 for a violation of either § 2511 or § 2512.  DirecTV v. Dougherty, Civ. No. 02-5576 ("Dougherty II") (D.N.J. Oct. 8, 2002) (citing Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 716 (1st Cir. 1999)).  DirecTV also is entitled to reasonable attorney fees and costs.  18 U.S.C. § 2520(b)(3).

7. The overwhelming authority in this District makes clear that an entity, such as DirecTV, may bring a private cause of action for violations of § 2511.[1]  With

---

[1]DirecTV, Inc. v. Gallagher, U.S. Dist. LEXIS 23645 (D.N.J. Nov. 6, 2003); DirecTV, Inc. v. Rohloff, 03-CV-2571 (JBS) and DirecTV, Inc. v. Weikel, 03-CV-5300 (JBS) (D.N.J. Opinion April 29, 2004); DirecTV, Inc. v. Timari, 03-CV-4371 (DMC) (D.N.J. Opinion April 16, 2004); DirecTV, Inc. v. Figueroa, 03-CV-4396 (FLW) (D.N.J. Memorandum Opinion April 14, 2004); DirecTV, Inc. v. Glaser, 03-CV-5209 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. Hoy, 03-CV-2503 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. McQueeney, 03-CV-5250 (SRC)(D.N.J. Order April 5, 2004); DirecTV, Inc. v. Seijas, 03-CV-2429 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. Pinckney, 03-CV-5616 (JHR) (D.N.J. Order March 29, 2004); DirecTV, Inc. v. Graff, 03-CV-5715 (JAP) (D.N.J. March 24, 2004); DirecTV,

respect to a private cause of action under § 2512, however, the law is not as clear. On June 15, 2004, the United States Court of Appeals for the Eleventh Circuit held that 18 U.S.C. § 2520(a) does not create a private right of action against persons in possession of pirate access devices in DirecTV, Inc. v. Treworgy, 373 F.3d 1124 (11th Cir. 2004).  The Eleventh Circuit determined that civil recovery under § 2520(a) may be had for violations of the chapter, but only when there is a violation of 18 U.S.C. § 2511.  Relying on the plain language of § 2520(a), the Eleventh Circuit held that §2520(a) does not create a private right of action against a person who possesses a device in violation of § 2512(1)(b).  Treworgy thus holds that one may recover damages only where there are "interceptions, disclosures, and uses of electronic communications," all of which are within the ambit of § 2511.  Treworgy, 373 F.3d at 1127.  At present, the Eleventh Circuit is the first and only court of appeals to have addressed this issue[2]; the Third Circuit has not yet spoken.

---

Inc. v. Marino, 03-CV-5606 (GEB) (D.N.J. March 5, 2004); DirecTV, Inc. v. Rogers, 03-CV-2415 (JLL) (D.N.J. Opinion & Order Feb. 28, 2004); DirecTV, Inc. v. Anthony, 03-CV-4378 (JLL) (D.N.J. Opinion & Order March 4, 2004); DirecTV, Inc. v. McMahon, 03-CV-5614 (JEI) (D.N.J. Order Feb. 25, 2004); DirecTV, Inc. v. Cimiluca, et al., 03-CV-2422 (JWB) (D.N.J. Order & Opinion Jan. 26, 2004); DirecTV, Inc. v. Moreno, 2003 U.S. Dist. LEXIS 22219 at *10-15 (D.N.J. Dec. 11, 2003); DirecTV, Inc. v. Russomano, et al., 2003 U.S. Dist. LEXIS 23403 at *7-10 (D.N.J. Nov. 12, 2003); DirecTV, Inc. v. Needleman, 2003 U.S. Dist. LEXIS 23645 at *11-12 (D.N.J. Nov. 6, 2003); DirecTV, Inc. v. Cino, 03-CV-2430 (MLC) (D.N.J. Order Nov. 3, 2003 and Sept. 17, 2003); DirecTV, Inc. v. Crothers, 03-CV-2432 (MLC) (D.N.J. Order Sept. 17, 2003).

[2]While the Fourth Circuit Court of Appeals held in Flowers v. Tandy, 773 F.2d 885 (4th Cir. 1985) that § 2520 did not confer a private cause of action against a defendant who manufactured or sold a device in violation of § 2512(1)(b), Flowers was decided prior to the 1986 amendments to the Wiretap Act.

8.  In this default judgment case, however, Plaintiff has established a prima facie case for Defendant's actual interception of its satellite signal in violation of § 2511(a). Since Plaintiff seeks default judgment damages for a single violation of either § 2511 or § 2512, this Court need not consider the more difficult issue presented by a case of mere possession of an interception device within § 2512, which Treworgy found was not actionable under § 2520. Because Plaintiff has demonstrated its entitlement to recover for the § 2511 interception, which is arguably more serious misconduct than the private possession of a device under § 2512, Plaintiff's quest for a statutory remedy will be served by the imposition of statutory damages redressing the § 2511 violation. And for good cause shown,

IT IS, on this __10th__ day of May, 2005,

ORDERED that plaintiff's motion for entry of default judgment is granted; and it is further

ORDERED that judgment be entered in favor of plaintiff DirecTV, against defendant Angela Celli, in the sum of $10,000.00, in addition to costs and disbursements in the amount of $25.00, and attorney fees in the amount of $1,315.00, amounting to a total sum of $11,340.00, plus post judgment interest at the legal rate in effect to accrue thereon from the date of this judgment forward until paid in full; and it is further

ORDERED that Defendant Angela Celli, is permanently enjoined from committing or assisting in the commission of any violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; and committing or assisting in committing any violation of the

Electronic Communications Privacy Act, 18 U.S.C. § 2511 and/or § 2512.


                                        /s/ Freda L. Wolfson
                                        Honorable Freda L. Wolfson
                                        United States District Judge